United States District Court
Eastern District of New York

**MAKHOUL V. WATT, TIEDER, HOFFAR & FITZGERALD, LLP**
**11-CV-5108 (JG)**

<u>MINUTE ORDER</u>

This Minute Order summarizes the rulings made on the record at a conference on January 4, 2013 regarding plaintiff's motion to compel [68]. The motion is deferred in part for further review by the Court, as set forth below, and the remainder of the motion is denied.

1.  In the instant motion, plaintiff repeats the same arguments that he raised in a prior motion to compel. <u>See</u> ct. doc. 57. At a hearing on October 2, 2012, this Court denied the motion in large part, but required defendants to supplement their responses to certain discovery requests. <u>See</u> 10/4/12 Minute Order (ct. doc. 64). This Court also deferred that portion of plaintiff's motion regarding documents withheld by defendants on grounds of attorney-client privilege and/or work product, but directed plaintiff to reconsider this facet of his motion in light of a narrowed scope of discovery ordered by this Court. <u>Id.</u>

Plaintiff's renewed arguments as to the discovery requests previously addressed are denied. Insofar as plaintiff is challenging the defendants' supplementary responses ordered by this Court to plaintiff's interrogatories and requests for admission, this Court finds the responses sufficient.

2.  The remainder of plaintiff's motion to compel concerns documents listed on defendants' revised 11/1/12 privilege log, which plaintiff lists and describes in Appendices A and B to his notice of motion filed on 12/21/12. <u>See</u> ct. doc. 69. Other than abiding by the narrowed time frame this Court set and including documents consisting of attorney notes newly added to the privilege log, plaintiff seeks the same documents and raises essentially the same arguments made in a related action, <u>Safeco v. M.E.S., Inc.</u>, 09 CV 3312 (ARR)(VMS). Such an approach is not appropriate since the

claims asserted in these two actions involve different parties, claims and evidence.

This Court finds, given the nature of plaintiff's claims and the fact that plaintiff is proceeding without counsel, that <u>in camera</u> review of the documents may be the most efficient way of addressing the dispute by determining, in the first instance, whether any of the documents in dispute are arguably relevant to plaintiff's claims.  However, review shall be limited to documents that may have bearing on the existence of an attorney client relationship, which do not include drafts of agreements that defendants transmitted to Safeco.  By 1/11/13, plaintiff may specify any 20 documents in Appendix A for the Court to review.  By 1/18/13, defendants must produce for <u>in camera</u> review the documents specified by plaintiff and any other documents listed in Appendix A that refer to communications between defendants and plaintiff or any managerial level MES employee.

3.  Defendants are encouraged in the course of their review of documents for submission to the Court to disclose to plaintiff those portions of withheld documents, including invoices, that are not protected by privilege or work product, including references to communications between defendants and plaintiff or any MES managerial level employee.  Portions of such documents that do contain protected material may be redacted while the remainder of the document is disclosed.

Dated:     Brooklyn, New York
           January 7, 2013

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE