```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
GEORGE MAKHOUL,                                          :
                                                         :
                           Plaintiff,                    :
                                                         :                **ORDER**
                 -against-                               :          11-CV-05108 (PKC) (VMS)
                                                         :
WATT, TIEDER, HOFFAR & FITZGERALD,                       :
LLP, MARK SGLARLATA, CHRISTOPHER                         :
BRASCO, VIVIAN KATSANTONIS,                              :
CHRISTOPHER M. ANZIDEI,                                  :
                                                         :
                           Defendants.                   :
-------------------------------------------------------- x
```

**Scanlon, Vera M., United States Magistrate Judge:**

Plaintiff George Makhoul, in his individual capacity and as successor-in-interest to the corporation M.E.S., Inc. ("MES"), moves to compel the government to produce Barbara Hebel, counsel for the Army Corps of Engineers ("COE"), for a deposition. Docket No. 91. According to Mr. Makhoul, she may know information relevant to whether Plaintiff and Defendant law firm Watt, Tieder, Hoffar & Fitzgerald, LLP ("WTHF") and individual attorney Defendants Mark Sgarlata, Christopher Brasco, Vivian Katsantonis and Christopher Anzidei (hereinafter "individual Defendants"), had an attorney-client relationship with MES, which is a central question to this action which alleges Defendants committed legal malpractice, breach of fiduciary duty (arising out of the alleged attorney-client relationship), tortious interference with contractual relationships and unjust enrichment. Id.; Docket No. 1. For the following reasons, I **deny** Plaintiff's motion.

I will assume the Parties' familiarity with the underlying substantive allegations that WTHF agreed to serve as legal counsel to general contractor MES after the COE held MES in default on various construction project contracts, but that WTHF secretly conspired to sabotage

MES.  Docket No. 87 at 3-5 (summarizing the general allegations in this case).  A brief review of the procedural history of this case is in order.

Shortly after the lawsuit was filed, Defendants filed a motion to dismiss Plaintiff's complaint in its entirety before District Judge John Gleeson, who originally presided over the instant case.  Docket Nos. 16-20, 28-29, 35.  On April 27, 2012, District Judge Gleeson held oral argument on that motion and, although he found that "[Plaintiff] sufficiently alleged for purposes of a 12(b)(6) motion that [Plaintiff] was represented by [WTHF]," he stated that the "only real question here is whether or not a reasonable jury could decide in your favor on the issue [of whether WTHF] had [an] attorney-client relationship with [Plaintiff]."  Docket No. 54.  At that point, the Parties had already presented the Court with evidence and argument supporting their respective positions, and District Judge Gleeson commented that "there's not a whole lot more to put in front of me" for the question about an attorney-client relationship to be ready for determination on summary judgment.  Id.  "It can be put in front of me by affidavit if it has to be, so that I can get this postured in a way where I decide whether or not a reasonable jury could conclude that [WTHF] actually had an attorney-client relationship with MES."  Id.  "So why don't we do whatever needs to get done to posture cross-motions for summary judgment."  Id.

At the time of District Judge Gleeson's ruling on the motion to dismiss and his direction that the Parties ready their respective summary judgment records, Plaintiff was representing himself pro se and continued to do so until January and February 2013, when counsel George E. Pallas, Michael Payne and Edward T. DeLisle all made appearances on Plaintiff's behalf.  Docket Nos. 77, 83, 84.  It should be noted that even when Plaintiff represented himself pro se,

discovery proceeded apace, and Plaintiff filed rather sophisticated discovery motions.[1]  See, e.g., Docket No. 57 (an eight-page discovery motion with exhibit), Docket No. 69 (a sixty-page discovery motion with two hundred additional pages of exhibits).  Therefore, as of this writing, the Parties have been engaged in meaningful discovery for over two years on a question that District Judge Gleeson characterized as being appropriate for summary judgment in short order.  During this action, Plaintiff has been granted various time extensions.  Docket Nos. 50, 66, 90.

On April 11, 2014, after the Parties' extensive paper discovery, during a Court conference, Plaintiff indicated that he wished to depose the individual Defendants and mentioned that Plaintiff was considering filing a motion to compel Ms. Hebel to sit for deposition.  Docket No. 89.  I ordered Plaintiff to take the depositions on or before June 30, 2014, and I ordered the Parties to commence steps to file their cross-motions for summary judgment before District Judge Pamela Chen, the district judge currently presiding over this action, on or before July 30, 2014.  Docket Entry 4/11/2014.

On June 11, 2014, the Parties filed a joint motion to extend the deposition deadline until July 17, 2014, which I granted.  Docket No. 90.  In that joint motion for extension of the deposition deadline, Mr. DeLisle cited his trial schedule as Plaintiff's reason for requesting the extension.  Id.  The motion did not mention that there were any other pending problems with Plaintiff's deposition-taking, and there was no mention of Ms. Hebel at all.  Id.

On July 9, 2014, ten days before the extended deadline for all depositions to be taken (and nine days after the expiration of the original deadline), Plaintiff's counsel Mr. DeLisle filed a motion to compel the government to produce Ms. Hebel for deposition in this case.  Docket No. 91.  In that motion, Mr. DeLisle does not offer the Court an explanation as to why he waited

---

[1] Magistrate Judge Marilyn Go handled these discovery issues.  On February 19, 2013, the case was transferred to me.

to file the motion until the eve of the close of discovery.  Id.  However, it is an obvious question, in light of the fact that Mr. DeLisle told the Court three months ago that he was considering filing it.  Docket No. 83 at 3.

Mr. DeLisle's failure to provide an excuse for the delay is likely because, as the record shows, the delay is inexcusable.  The documentation submitted to support Plaintiff's motion to compel shows that Mr. DeLisle's co-counsel Mr. Payne first wrote to the COE to seek Ms. Hebel's deposition in an August 19, 2013 letter.  Docket No. 91-1 at 2.  Next, Mr. Payne issued a subpoena for Ms. Hebel's deposition on October 25, 2013.  Id. at 5.  On December 6, 2013, the COE wrote a letter to Mr. Payne explaining that it would not respond to the subpoena and produce Ms. Hebel.  The COE took this position first, because Mr. Payne had not complied with the COE's Touhy regulations which required, among other things, a more detailed description of the underlying litigation, and second, that even if Mr. Payne had complied with the regulations, from what the COE could gather from Mr. Payne's brief description of the need for the testimony, the COE still would not produce Ms. Hebel for deposition because the information Plaintiff seeks from Ms. Hebel, i.e., the content of her communications with WHTF, "is available from other sources; namely, the parties to the litigation."[2]  Id. at 9.

After learning in December 2013 that the COE did not intend to produce Ms. Hebel for deposition, Plaintiff's legal team said nothing to the Court and waited four months, until April 3, 2014, to send the COE a letter seeking a reconsideration of decision.  Id. at 12.  There is no evidence offered to show that Plaintiff did anything more to pursue the deposition other than

---

[2] The COE's point is well taken, although not the grounds for my decision, because the Parties have represented to the Court that Plaintiff is deposing the individual Defendants in this action, who allegedly would have been the WTHF representatives speaking to Ms. Hebel.  Docket No. 90 (stating that Plaintiff needed the deadline extension to depose Vivian Katsantonis, Mark Sgarlata, Christopher Anzidei and Christopher Brasco).

4

mention to the Court eight days after mailing the letter that he was considering filing a motion to compel. Plaintiff's motion makes no representation that he knows that the COE accepts such letter reconsideration requests or the content of Plaintiff's communications with the COE to see how much longer a response might take. Docket No. 91 at 2 n.2.

Plaintiff's failure to pursue the deposition of Ms. Hebel in a timely way, beginning with sizable delays during what has been a lengthy discovery process, and ending with Plaintiff's failure to apprise the Court of this issue until approximately one week prior to the expiration of the discovery deadline and over one week after the expiration of the original discovery deadline, has created an inexcusable delay. The deposition could not be conducted before the close of discovery date, which has been set and extended already. Plaintiff's motion to compel the government to produce Ms. Hebel for deposition in this case is **denied**. Pursuing the deposition of Ms. Hebel at this stage would likely delay this case for a significant period, which would be unreasonable given that it was filed in 2011. Given the serious allegations related to professional conduct, the individual Defendants are entitled to be able to move ahead with their summary judgment motion that may resolve this 2011 case without any further delay.

As previously ordered, on or before July 17, 2014, the Parties shall file the notice certifying that the depositions of the individual Defendants have been completed. In addition, on or before July 31, 2014, the Parties shall commence steps to file cross-motions for summary judgment if they so choose.

SO ORDERED.

Dated: Brooklyn, New York
       July 10, 2014

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge